UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JAMAL RASHAD CRAWFORD**                                            **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 3:06-CV-P579-H**

**OFFICER ERNSPIKER et al.**                                    **DEFENDANTS**

**MEMORANDUM OPINION AND SCHEDULING ORDER**

The plaintiff, Jamal Rashad Crawford, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). The plaintiff was at the pertinent time a prisoner at Louisville Metro Department of Corrections ("Metro Corrections"). He sues Officer Ernspiker at Metro Corrections in his individual and official capacity. He also sues Tom Campbell, Director of Metro Corrections, in his official capacity. He requests $500,000.00 in monetary damages; $500,000 in "injunctive relief;" $500,000 in punitive damages; and asks that the "credit card swipe" be taken out of search procedures.

According to his complaint, on October 5, 2006, while lined up with other inmates to be searched, Officer Ernspiker, in the course of conducting a search for contraband cigarettes, slid his finger through the crack of the plaintiff's bottom. Officer Ernspiker's fingers penetrated the plaintiff's anus. No cigarettes were found. When the plaintiff made the shift sergeant aware of what had happened, Officer Ernspiker stated, "(jokingly) that he used the 'creditcard swipe' on [the plaintiff]." The plaintiff alleges violations of his Fourth, Eighth, and Fourteenth Amendment rights.

On initial screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court will allow the plaintiff's claims to

proceed.[1] In permitting the plaintiff's claims to go forward, the Court passes no judgment on the merits or ultimate outcome of this case.

To govern the development of those continuing claims, **IT IS ORDERED** as follows:

(1) The Clerk of Court shall issue summons, and the United States Marshal shall serve a copy of the complaint and summons on the defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. A copy of the complaint and this order shall also be served on the County Attorney of Jefferson County.

(2) The answer to the complaint shall be filed no later than **20 days** after service of summons.

(3) The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which the copy was sent to opposing parties. Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **MAY BE DISREGARDED** by the Court.

(4) The parties shall complete all pretrial discovery herein no later than **August 14, 2007**. As a requirement of discovery, the defendants' counsel shall produce to the plaintiff all records or documentation which are relevant to the claims set forth in the complaint. Counsel shall certify that the production is complete. Within the same time, the plaintiff shall provide

---

[1] The Court notes that the plaintiff sues Director Campbell only in his official capacity. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, the plaintiff's claims against Director Campbell in his official capacity are actually brought against the Louisville Metro government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The same is true for the plaintiff's official-capacity claims against Officer Ernspiker. *See id.*

counsel for the defendants any records or documentation relevant to his claims. He shall certify that production is complete. A party who wishes to file discovery material with the Court must comply with Federal Rule of Civil Procedure 5(d). *See* FED. R. CIV. P. 5(d) ("[T]he following discovery requests and responses *must not* be filed until they are used in the proceeding or the court orders filing: (I) depositions, (ii) interrogatories, (iii) requests for documents . . ., and (iv) requests for admissions." (Emphasis added.))

(5)     No later than **September 13, 2007**, the plaintiff shall file a pretrial memorandum setting forth in detail all facts upon which he bases his claim in this matter against the defendants.

(6)     No later than **October 15, 2007**, the defendants shall file a pretrial memorandum. In lieu thereof, or if the plaintiff fails to file the required pretrial memorandum, the defendants may file any dispositive motions, including motions for summary judgment pursuant to Federal Rule Civil Procedure 56.

(7)     Either party may file dispositive motions at any time after providing the discovery required above or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion. All dispositive motions shall be filed no later than **October 15, 2007**.

(8)     If any party wishes additional time to complete any of the actions directed above, a motion requesting any such extension must be filed with the Court before any such deadline expires. Any such motion to extend any time should indicate the reasons for extension. The Court will not grant an extension unless good cause is shown.

(9)     The plaintiff must provide written notice of a change of address to the Clerk and to the defendants' counsel. *See* Local Rule 5.2(d).

(10) Failure to notify the Clerk of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Jefferson County Attorney

4412.009